UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL R. STANTON, *as Parent* )
*of SS*, )
)
Plaintiff, )
)
v. ) 2:11-cv-00322-JAW
)
SHARMAN V. STANTON, et al., )
)
Defendants. )

**ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

On August 24, 2011, Daniel R. Stanton both individually and as parent of his minor child filed a "criminal civil complaint" demanding "relief for civil due process violations, human rights violations, and cruel and unusual punishment offenses" against "Sharman Dow Stanton, Vanessa Dow, and Chris (Hanney sp?)" and seeking a temporary restraining order for child abuse, child neglect, obstruction of parental rights, and child abduction. *Compl.* (Docket # 1). He has also filed what he terms an "EMERGENCY Motion for Injunctive Relief Per Rule 65." *Emergency Mot. for Injunctive Relief Per Rule 65* (Docket # 4).

The Court dismisses the Plaintiff's motion for temporary restraining order. First, Mr. Stanton does not allege that he is an attorney and therefore to the extent he seeks to pursue a legal claim on behalf of his minor child, the law does not permit him to do so. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. Appx. 159, No. 03-1043, 2004 U.S.

App. LEXIS 454, *3 (1st Cir. Jan. 2004); *Austin v. Town of Dexter*, 552 F. Supp. 2d 38, 39 (D. Me. 2008); *Burrell v. Anderson*, 353 F. Supp. 2d 55, 73 (D. Me. 2005). Accordingly, to the extent Mr. Stanton seeks relief for his minor child, the Court may not grant the requested relief.

Second, in any event, the Complaint does not allege facts sufficient for this Court to assume jurisdiction. Federal courts are courts of limited jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). To invoke federal jurisdiction, the party asserting jurisdiction must affirmatively allege facts supporting it. *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126-27 (1st Cir. 2005). Although Mr. Stanton alleges that the Defendants engaged in violations of constitutional dimension, the actual factual allegations—that the Defendants abducted his minor child—are either criminal in nature or relate to the enforceability of a state divorce decree. These allegations do not state facts sufficient to allow this Court to assume jurisdiction over what is at essence a domestic dispute. To the contrary, Mr. Stanton appears to be asking this Court to enforce the custody provisions of the divorce judgment issued on June 24, 2010 by the Maine District Court in Bridgton, Maine. *See Compl.* Attach. 1, *Stanton v. Stanton*, No. FM-10-037, *Divorce J.* (Me. Dist. Ct. Jun. 24, 2010). In these circumstances, if federal jurisdiction could exist, (which the Court doubts), the Court would abstain from exercising jurisdiction over what is at bottom a custody dispute. *Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Mr. Stanton is, of course, free to proceed with a civil action in state court or to bring his allegations of criminal conduct to the attention of the

proper authorities. He is not, however, entitled to emergency injunctive relief from this Court.

The Court DISMISSES Daniel R. Stanton's motion for temporary restraining order (Docket# 4).

SO ORDERED.

/s/ John A. Woodcoc, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2011