UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL STANTON, | ) |
| | ) |
|           Plaintiff | ) |
| | ) |
| v. | ) 2:11-cv-00322-JAW |
| | ) |
| VANESSA DOW, et. al, | ) |
| | ) |
|           Defendants | ) |

**RECOMMENDED DECISION**

On August 24, 2011, Daniel R. Stanton both individually and as parent of his minor child filed a "criminal civil complaint" demanding "relief for civil due process violations, human rights violations, and cruel and unusual punishment offenses" against "Sharman Dow Stanton, Vanessa Dow, and Chris (Hanney sp?)" and seeking a temporary restraining order for child abuse, child neglect, obstruction of parental rights, and child abduction. (Compl., Doc. No. 1.) He has also filed a motion to proceed in forma pauperis (Doc. No. 3) and what he terms an "EMERGENCY Motion for Injunctive Relief Per Rule 65" (Doc. No. 4).

On August 25, 2011, this Court (Woodcock, C.J.) denied Stanton's motion for emergency injunctive relief. The Court explained that Stanton could not prosecute a civil lawsuit such as this on behalf of a minor child. Most importantly the Court also explained that the facts as alleged did not support any basis for federal jurisdiction. (See Doc. No. 5.) Following this Court's ruling on the emergency motion, the matter was referred to me for action on the pending motion to proceed in forma pauperis, which I granted, but also required Stanton to show cause by

September 19, 2011, as to why this matter should not be dismissed in light of Chief Judge's Woodcock's order regarding lack of subject matter jurisdiction. (Order Show Cause at 1-2, Doc. No. 6.)

On September 6, 2011, Stanton filed a motion for the appointment of pro bono counsel. (Doc. No. 8.) I denied that request, explaining that there is no constitutional right to an attorney appointed by the court in a civil suit. I extended the following limited relief to Stanton:

> I will extend the response deadline to the order to show cause by thirty days to October 19, 2011, but plaintiff will have to file a complaint by then that explains the facts of his case that are the basis for his claim that there is federal jurisdiction.

(Sept. 9, 2011, Order, Doc. No. 9.)

As of this date, Stanton has not filed an amended complaint or communicated further with the court. I recommend that this complaint be dismissed both for lack of prosecution and for lack of subject matter jurisdiction, as explained by this Court's earlier order.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 20, 2011